USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/24/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN LOUIS,

                              Plaintiff,

        -against-

JOHN MORLEY, DAVID HOWARD,
VERONICA RUIZ, HARRIS BAKER,
AARON ROTH and AMY ROYCROFT

                              Defendants.

22-cv-10094 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kevin Louis ("Plaintiff") initiated this action on November 28, 2023, alleging deprivation of rights under 42 U.S.C. § 1983 ("Section 1983") claiming violations of the Eighth Amendment and Fourteenth Amendment, against employees of the New York State Department of Corrections and Community Supervision ("DOCCS") Defendant John Morley ("Morley"), Deputy Commissioner and Chief Medical Officer of DOCCS, Defendant David Howard ("Howard"), Superintendent at Woodbourne Correctional Facility ("Woodbourne"), Defendant Veronica Ruiz ("Ruiz"), a doctor at Woodbourne, Defendant Harris Baker ("Baker"), a doctor at Woodbourne, and Defendant Amy Roycroft ("Roycroft"), a surgeon at Sing Sing Correctional Facility,  (together, the "Defendant").

Presently before the Court is Defendants' Motion to Dismiss *pro se* Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and construed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an inmate housed, at the time of his complaint, at Woodbourne Correctional Facility ("Woodbourne"). (Am. Compl. ¶ 1.) Prior to his tenure at Woodbourne, Plaintiff was housed at Sing Sing Correctional Facility and received stomach surgery on January 17, 2020. (*Id*. ¶ 14.) Plaintiff's stomach "heal[ed] lopsided" "causing him to experience severe back, hip & waist pains." (*Id*.) Plaintiff submitted sick-call slips complaining of his condition to the sick-call Defendant nurse, until Plaintiff was sent to see his Physician Assistant. (*Id*.) Thereafter, Plaintiff was transferred to Woodbourne where he continued to submit sick-call slips complaining about his condition. (*Id*. ¶ 15.) Plaintiff was told by Roycroft that his complaints were "cosmetic" and that the Department of Correction and Supervision would not "entertain this." (*Id*.) Because of Plaintiff's continued pain, he asked to see a doctor. (*Id*.) Plaintiff then spoke with Ruiz, who responded stating "good luck with that." (*Id*.) Plaintiff also spoke with Baker "about this problem" and did not receive a response. (*Id*.) Plaintiff additionally submitted a grievance while at Woodbourne due to his continued pain and the inadequate care he received. (*Id*. ¶ 16.) Plaintiff's grievance appeal was submitted to Howard on April 28, 2022, who responded stating "no follow up treatment or surgery was recommended." (*Id*.) Plaintiff states that the "defendants showed deliberate indifference to the medical needs of plaintiff" and that "[m]edical care at Woodbourne CF is inadequate and unprofessional when assessing plaintiff's potential for future health risks and affection." (*Id*. ¶ 17.)

Based on foregoing, Plaintiff brings § 1983 claims alleging violations of the Eighth Amendment and Fourteenth Amendment, seeking monetary relief for damages and injunctive relief.

## PROCEDURAL HISTORY

On November 28, 2022, Plaintiff commenced this action against Defendants in his Complaint. (ECF No. 1.) Then, on April 28, 2023, Plaintiff filed his Amended Complaint ("the Complaint"), making it the operative complaint. (ECF No. 18.) On August 19, 2024, Defendant filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 50 and 51.)

## LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides in relevant part, that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack of lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a

legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## C. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1)

4

the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

## DISCUSSION

Plaintiff brings claims pursuant to § 1983, alleging Eighth Amendment and Fourteenth Amendment violations, for inadequate medical care, and also seeks injunctive relief. The Court will address each claim in turn.

### A. Injunctive Relief Claim

To meet the constitutional minimum of standing for injunctive relief, the plaintiff must demonstrate they have sustained,  or are immediately in danger of sustaining, some direct injury as a result of the challenged official conduct. *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). Where a plaintiff fails to demonstrate a likelihood of future harm, he lacks standing to seek injunctive relief. *Id.* at 216. A plaintiff "seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).

Here, the Complaint only states that Plaintiff "request[s] an injunction order compelling defendants to stop denying medical attention." (Am. Compl. ¶ 18.) The Complaint offers nothing further. This request is necessarily prospective, focusing on nonspecific, potential future medical attention without demonstrating any likelihood of immediate or future harm. While Plaintiff may not want, in the future, to have his care team deny certain medical interventions, general concerns about the future are speculative and insufficient to state a claim for injunctive relief. *Agostini v.*

*Backus*, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015). Courts "will not grant preliminary injunctive relief based only on Plaintiff's speculative and unsubstantiated assertions." *Merit Cap. Grp., LLC v. Trio Indus. Mgmt., LLC*, 2005 WL 53283, at *2 (S.D.N.Y. Jan. 10, 2005). Accordingly, the Court finds that Plaintiff has failed to state a plausible claim for injunctive relief and dismisses the claim without prejudice.

### B. Section 1983 – Personal Involvement Requirement

In order to bring forward a § 1983 claim, a plaintiff must demonstrate each defendant's personal involvement in the constitutional deprivation. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996). Personal involvement is defined as "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Id*. A defendant "may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Id*. A defendant "may not be held responsible unless he was personally involved in the alleged constitutional violations." *Whitton v. Williams*, 90 F. Supp. 2d 420, 427 (S.D.N.Y. 2000).

As to Roth and Morley, the Court finds that Plaintiff has failed to allege sufficient personal involvement necessary to plausibly state a Section 1983 claim against them. For Morley, Plaintiff merely states that Morley was "Deputy Commissioner & Chief Medical Officer of NYSDOCCS" (Am. Compl. ¶ 3) and that "[Morley] is made aware of and makes the final decision(s) on all medical procedures." (Am. Compl. ¶ 18.1). Morley cannot be held liable merely due to his title as Deputy Commissioner and Chief Medical Officer; a defendant "in a § 1983 action is not liable simply on the basis of holding a high position of authority." *Dawson v. Cnty. of Westchester*, 351 F. Supp. 2d 176, 196 (S.D.N.Y. 2004). Plaintiff's factual allegations leaves the Court only able to conclude that Morley was not sufficiently personally involved for the purposes of pleading a §

1983 claim. Regarding Roth, the Complaint only references Roth as "the Surgeon with affiliation ties to Sing Sing Correctional Facility." (Am. Compl. ¶ 8.) With no other factual allegations made as to Roth, the Court cannot find that he was personally involved in any alleged constitutional deprivation as needed to state a § 1983 claim. Thus, Plaintiff's § 1983 claim against Morley and Roth must be dismissed without prejudice.

## C. Section 1983 - Fourteenth Amendment Claim

The Fourteenth Amendment "only applies to the deliberate indifference claims of pre-trial detainees." *SHAKUR JAHAD, Plaintiff, v. JONATHAN HOLDER, M.D. & N. MUTHRA P.A sued herein as N. MUTHRA M.D Defendants*., 2023 WL 8355919, at *4 (S.D.N.Y. Dec. 1, 2023). Deliberate indifference claims are governed by the Due Process Clause of the Fourteenth Amendment when brought by pretrial detainees. *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 718 (S.D.N.Y. 2017). As this instant action rests on allegations of deliberate indifference against prison officials, post-conviction, a Fourteenth Amendment deliberate indifference claim is not available to the Plaintiff. Accordingly, the Court dismisses the Plaintiff's Fourteenth Amendment deliberate indifference claim with prejudice.

## D. Section 1983 - Eighth Amendment Claim

In order to state an Eighth Amendment violation claim on account of deliberate indifference, a plaintiff must allege acts or omissions demonstrating deliberate indifference to a substantial risk of harm. *Veloz v. New York*, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004), aff'd, 178 F. App'x 39 (2d Cir. 2006). This can be evidenced by a plaintiff alleging that officials purposefully denied or delayed treatment or interfered with treatment once prescribed. *Id*. For a plaintiff to establish that a prison official violated the Eighth Amendment "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [i.e., the 'objective prong'] and (2) the alleged

perpetrator—ordinarily a prison official—must possess a 'sufficiently culpable state of mind.' [i.e., the 'subjective prong.']." *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The "sufficiently serious" requirement is met where a plaintiff's health "present[s] a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection." *Rivera v. Johnson*, 1996 WL 549336, at *2 (W.D.N.Y. Sept. 20, 1996). There are several factors that the court may consider when deciding whether a medical condition is "sufficiently serious," including "chronic and substantial pain or the presence of a medical condition that significantly affects an individual's daily activities." *Salgado v. DuBois*, 2019 WL 1409808, at *5 (S.D.N.Y. Mar. 28, 2019). Serious physical pain over an extended period of time "may be sufficiently serious where medical care has been deprived." *Jahad v. Holder*, 2021 WL 3855445, at *6 (S.D.N.Y. Aug. 26, 2021). Indeed, "[t]he Second Circuit has found that serious pain lasting over six months was sufficient for a deliberate indifference claim." *Id*.

Based on the Complaint, Plaintiff's severe pain continued from January 17, 2020, to at least August 6, 2021. (Am. Compl. ¶¶ 14, 15.) Plaintiff states he felt "severe back, hip & waste pains." (*Id*. ¶ 14.) Due to the severe pain, Plaintiff's ability to sleep was affected. (*Id*.) Reading Plaintiff's complaint "liberally" and "interpret[ing] [the Complaint] to raise the strongest arguments that [it] suggest[s]," the Court finds that Plaintiff's severe pain existing for over a year and a half was "sufficiently serious" for the purpose of an Eighth Amendment deliberate indifference claim. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Where Plaintiff's Eighth Amendment deliberate indifference claim fails is the subjective prong. For the remaining Defendants Howard, Roycroft, Ruiz and Baker, the Complaint fails to allege that they acted with the requisite mental state needed to plausibly state an Eighth

Amendment deliberate indifference claim. The "culpable state of mind is 'equivalent to criminal recklessness,' requiring 'that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Perkins v. Schriro*, 2012 WL 5909892 (S.D.N.Y. Nov. 21, 2012) (quoting *Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir.1998)).

As to Howard and Roycroft, based on the Complaint as currently pled, neither contained the requisite state of mind; instead, Plaintiff can only demonstrate that he disagreed with their perspective on his treatment and their decisions. Plaintiff alleges that Howard denied Plaintiff's grievance appeal regarding his medical treatment noting that "no follow up treatment or surgery was recommended." (Am. Compl. ¶ 16.) Roycroft, in response to Plaintiff's sick-call slip, told Plaintiff "this is cosmetic" and that the Department of Correction and Community Supervision would not "entertain this." (*Id*.) Roycroft then advised the Plaintiff that a follow up Doctor's appointment would be scheduled to address Plaintiff's continued pain. (*Id*.) While Plaintiff might disagree with Howard and Roycroft, such disagreement would only be "[a] difference of opinion between a prisoner and prison officials regarding medical treatment [that] does not, as a matter of law, constitute deliberate indifference" - and "disagreements between a prisoner and prison officials over treatment decisions fall short of" rising to an Eighth Amendment violation." *Sonds v. St. Barnabas Hosp. Corr. Health Servs*., 151 F. Supp. 2d 303, 311-312 (S.D.N.Y. 2001). *See also Veloz*, 339 F. Supp. 2d at 525 (noting that "the Eighth Amendment is not implicated by prisoners' complaints over the adequacy of care they received when those claims amount to a disagreement over the appropriateness of a particular prescription plan"). Thus, the Court finds that Plaintiff has

failed to state a plausible § 1983 claim against Howard and Roycroft and dismisses the claim without prejudice.

Lastly, as to Ruiz and Baker, the Complaint's allegations are fatally deficient and leave the Court unable to ascertain that either Ruiz or Baker contained the necessary culpable state of mind. The Complaint cursorily states that Plaintiff "spoke to her about his situation" to which Ruiz responded "good luck with that." (Am. Compl. ¶ 15.); for Baker, the Complaint only states that he spoke with Baker "about this problem and still no response." (*Id.*) Without more, the Court cannot conclude that Ruiz and Baker's conduct evidenced a state of mind that would satisfy the subjective prong of the Eighth Amendment deliberate indifference analysis. The only other substantive allegations offered as to Ruiz and Baker are Plaintiff's general averments at the end of his Complaint when he states: "[i]n general defendants showed deliberate Indifference to the medical needs of plaintiff. Medical care at Woodbourne CF is inadequate and unprofessional when assessing plaintiff's potential for future health risk and affection." (*Id.* ¶ 17.) However, such general, conclusory language is not enough to demonstrate that Ruiz and Baker had a culpable state of mind; stating that "in general defendants showed deliberate Indifference" is a legal conclusion "couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Indeed, "[p]leadings pursuant to § 1983 must contain 'more than mere conclusory allegations.'" *Richard v. Fischer*, 38 F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988)). Therefore, Plaintiff's § 1983 claims against Ruiz and Baker must be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss p*ro se* Plaintiff's Eighth Amendment claim and injunctive relief claim without prejudice, and to dismiss *pro se* Plaintiff's Fourteenth Amendment deliberate indifference claim with prejudice. *Pro se*

Plaintiff is granted leave to file a Second Amended Complaint (blank form attached hereto) by December 2, 2024. *Pro se* Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Second Amended Complaint. Should *pro se* Plaintiff file a Second Amended Complaint, the Defendants are directed to answer or otherwise respond by December 27, 2024, and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by January 30, 2025. If *pro se* Plaintiff fails to file a Second Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 50 and to mail a copy of this Opinion to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:    October 24, 2024                                SO ORDERED:
          White Plains, New York

                                          _____
                                                NELSON S. ROMÁN
                                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

---

First Name                    Middle Initial                Last Name

---

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

---

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

---

Current Place of Detention

---

Institutional Address

---

County, City                            State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City         State         Zip Code

Defendant 2:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City         State         Zip Code

Defendant 3:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City         State         Zip Code

Defendant 4:

First Name           Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City         State         Zip Code

Page 3

## V.     STATEMENT OF CLAIM

Place(s) of occurrence:   _____

Date(s) of occurrence:   _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT                                  Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x


                                        **CIVIL CASE DISCOVERY PLAN**

                        Plaintiff(s),      **AND SCHEDULING ORDER**

    - against -



                        Defendant(s).      _____ CV _____ (NSR)


----------------------------------------------------------------x


  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel,
pursuant to Fed. R. Civ. P. 16 and 26(f):


  1.      All parties [consent] [do not consent] to conducting all further proceedings before a
          Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
          parties are free to withhold consent without adverse substantive consequences.  (If all
          parties consent, the remaining paragraphs of this form need not be completed.)


  2.      This case [is] [is not] to be tried to a jury.


  3.      Joinder of additional parties must be accomplished by _____.


  4.      Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.      First request for production of documents, if any, shall be served no later than _____.

7.      Non-expert depositions shall be completed by _____.

        a.      Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

        b.      Depositions shall proceed concurrently.

        c.      Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.     Expert reports shall be served no later than _____.

11.     Rebuttal expert reports shall be served no later than _____.

12.     Expert depositions shall be completed by _____.

13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.    Any motions shall be filed in accordance with the Court's Individual Practices.

16.    This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.    The Magistrate Judge assigned to this case is the Hon. _____.

18.    If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.    The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

_____

_____

Nelson S. Román, U.S. District Judge